UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **QUINCY PRICE** | **DOCKET NO. 24-cv-00425** |
| **D.O.C. # 531675** | **SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JAMES LEBLANC, ET AL.** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Quincy Price ("Plaintiff") filed a Petition for Damages, Injunctive, and Declaratory Relief (the "Petition"), in the 33ʳᴰ Judicial District Court, Allen Parish, Louisiana. Doc. 1, att. 1. The defendants removed this matter to this Court on the basis of federal question jurisdiction. Doc. 1. Plaintiff subsequently filed a Motion to Remand (doc. 7) alleging the Petition did not assert any claims under federal law. The defendants oppose the Motion to Remand. Doc. 9. The Plaintiff's Motion to Remand is ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I. BACKGROUND

Plaintiff' suit, originally filed in state court, contends that the defendants were responsible for denying him the right to freely practice his religion by cutting his dreadlocks, despite having the proper religious exemptions. He asked the state court to award damages based on the deprivation of his constitutional rights and to issue an injunction ordering defendants not to cut his dreadlocks.

### A. Plaintiff's Arguments in Support of Remand

Plaintiff argues that his case should be remanded to state court, where it was originally filed, because his claims were made under the Louisiana Constitution, Louisiana Civil Code, and the Louisiana Code of Civil Procedure. Doc. 7, p. 2. He contends that there is "no federal question before this Honorable Court and supplemental jurisdiction should not be exercised by this Honorable Court." *Id.*

### B. Defendants' Arguments in Opposition to Remand

In opposition to the Motion to Remand, the defendants assert that Plaintiff's position is not supported by the text of the Petition which not only cites and references the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), but also applies the RLUIPA burden-shifting legal standard. Doc. 9, p. 1. The defendants note that the Petition also repeatedly invokes the First Amendment of the U.S. Constitution. *Id*. at pp. 1-2. Further, the defendants contend that the plaintiff cannot show any basis on which this court should decline to exercise supplemental jurisdiction over his state law claims. *Id*. at p. 2.

## II.  LAW AND ANALYSIS

### A. Federal Question Removal Jurisdiction

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In this case, the defendants invoked federal subject matter jurisdiction on the basis of federal question, which confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Am. Express Nat'l Bank v. Moghimi*, No. 3:22-cv-05716, 2022 WL 18144804, at *1 (W.D. La. Dec. 22, 2022), report and recommendation adopted, No. 3:22-cv-05716, 2023 WL123508 (W.D. La. Jan. 6, 2023). "[A]suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Id*. (citing *Louisille & Nashville R. Co. v. Motley*, 211 U.S. 149, 152 (1908)).

### B. Application

For the reasons set forth below, the Court agrees with the defendants' position and finds that federal jurisdiction exists in the present matter, as the face of the plaintiff's properly pleaded complaint presents a federal question. As argued by the defendants, "the Petition repeatedly and pervasively cites, applies, and relies on RLUIPA, and cites the U.S. Constitution's First Amendment." Doc. 9, p. 7. Further, all the state law claims in this matter arise from part of the same case or controversy, since all of Plaintiff's claims are based on the same underlying facts.

### 1. Religious Land Use and Institutionalized Persons Act

Plaintiff's Petition (doc. 1, att. 1) asserts claims under RLUIPA. Indeed, the Petition indicates early on that plaintiff is relying on RLUIPA, referencing the following Fifth Circuit jurisprudence:

> *Ware v. Louisiana Department of Corrections,* established the requirement for DOC to implement a policy for religious practitioners looking to grow their hair as part of their religious practices and beliefs. This allowance came by way of an exemption from DOC's grooming policy, primarily the portion requiring offenders' hair to be a certain length. *Ware v. Louisiana Department of Corrections,* 866 F.3d 263 (5th Cir. 2017), *cert denied*, 138 S.Ct. 1181, 200 L.Ed.2d 315 (2018).

Doc. 1, att. 1, ¶ 18. The only law or legal standard discussed in *Ware* is RLUIPA. *Ware* does not discuss or involve any Louisiana state law claims.

More specifically, the Petition expressly states *Ware* established a "requirement" for the Department of Corrections. As the defendants point out, there would be no purpose to citing any "requirement" imposed by *Ware* unless the Petition's claims implicated that requirement. Plaintiff apparently understood *Ware* involved RLUIPA claims, as Plaintiff quoted RLUIPA itself in the next paragraph of his Petition:

> "A government may avoid the preemptive force of any provision of this chapter by changing the policy or practice that results in a substantial burden on religious exercise, by retaining the policy or practice and exempting the substantially burdened religious exercise, by providing exemptions from the policy or practice for applications that substantially burden religious exercise, or by any other means that eliminates the substantial burden."

Doc. 1, att. 1, ¶ 19 (citing 42 U.S.C. § 2000cc-3(e)).

The Petition then contains a string of paragraphs expounding on RLUIPA and the legal standard for RLUIPA claims:

> 79. The Religious Land Use and Incarcerated Persons Act ("RLUIPA") provides guidance for the court relating to the free exercise of religion for prisoners.
>
> 80. RLUIPA prohibits imposing a substantial burden on an inmate's religious exercise unless that burden furthers a compelling interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1(a).
>
> 81. Courts analyze RLUIPA claims according to a burden shifting framework. First the Plaintiff must make two showings: (1) the relevant religious exercise is grounded in a sincerely held religious belief and (2) the government's action or policy substantially burden[s] that exercise by, for example, forcing the Plaintiff to engage in conduct that seriously violates [his] religious beliefs. *Ali v. Stephens*, 822 F.3d 776, 782 (5th Cir. 2016) (quoting *Holt v. Hobbs*, 574 U.S. 352, 360-61, 135 S.Ct. 853, 862, 190 L.Ed.2d 747 (2015)).

> 82. If the Plaintiff satisfies this two-fold burden, then the burden shifts to the government, which must show that its action or policy (1) is in furtherance of a compelling governmental interest and (2) is the least restrictive means of furthering that interest. Id. at 783.

Doc. 1, att. 1, ¶¶ 79-82. Thus, the Petition expressly includes the standard under which courts "analyze RLUIPA claims" (emphasis added), and so it is implausible to allege the Petition does not state a RLUIPA claim on its face.

Inclusion of the standard under RLUIPA was not merely included as an attempt to reference persuasive authority. The Petition expressly applies the RLUIPA standard to Plaintiff's own claims:

> Plaintiff has satisfied his burden in showing that his religious exercise is grounded in a sincerely held religious belief and that ALC's policy and actions have substantially burdened that exercise by forcing the Plaintiff to engage in conduct that seriously violated his religious beliefs.

Doc. 1, att. 1, ¶ 85. Defendants note, and the Court agrees, that this is exactly the same RLUIPA standard Plaintiff cited in Paragraph 81 of the Petition, where Plaintiff expressly cited RLUIPA. *Id*. at ¶ 81.

The Petition continues: "The burden should now shift to DOC/ALC to show that its action(s) or policy is in furtherance of a compelling interest and is the least restrictive means of furthering that interest." *Id*. at ¶ 86. Again, this is the same RLUIPA burden-shifting standard Plaintiff cited in Paragraph 82 of the Petition, where Plaintiff expressly cited RLUIPA.

To summarize, the Petition refers to RLUIPA, cites a requirement relating to cutting the hair of inmates established in *Ware* (a RLUIPA case), quotes the text of RLUIPA, summarizes the burden-shifting legal standard applied to RLUIPA claims, and then expressly applies that burden-shifting standard to the facts alleged in the Petition. The Petition states a RLUIPA claim on its face.

### 2. First Amendment to the United States Constitution

The Court also agrees with the Defendants' contention that while the Petition's references to the United States Constitution's First Amendment are less pervasive than references to RLUIPA, they nonetheless show the Petition has attempted to assert a claim under the First Amendment. First, Paragraph 78 of the Petition cites a Louisiana Supreme Court case's observation that "The First Amendment, applicable to the states through the Fourteenth Amendment, provides that congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof." Doc. 1, att. 1, ¶ 78. Then, the Petition cites *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972), a First Amendment case, for the proposition that prisoners "must be afforded reasonable opportunity to exercise their religious freedom." *Id*. at ¶ 83. The Petition additionally states, "Restrictions on prisoners' First Amendment rights are constitutional only insofar as they further important state interests and are no broader than necessary to do so." *Id*. at ¶ 84 (citing *Procunier v. Martinez*, 416 U.S. 396 (1974). The Court finds that Plaintiff relies on the First Amendment to the United States Constitution as a basis for his claims.

### 3. Supplemental Jurisdiction

Finally, the Court finds that the exercise of supplemental jurisdiction over the Plaintiff's state law claims is proper in the present matter. "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)). Here, the undersigned agrees with the defendants' contention that the state and federal claims on the face of the Petition involve exactly the same factual issue: whether the Allen Parish Correctional Center is legally permitted to cut Plaintiff's hair. As the

statutory text says, "[I]n any civil action of which the district courts have original jurisdiction, the district courts <u>shall have supplemental jurisdiction</u> over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added).

The Court acknowledges that it has discretion to decline supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

None of the § 1367(c) factors apply here. Plaintiff has failed to identify any issues showing that his state law claims raise any novel or complex issues of state law. As noted above, Plaintiff has heavily relied on RLUIPA, and has apparently asserted a federal First Amendment claim as well. State law claims do not "predominate[ ]" over these federal claims. Further, the Court has not dismissed all claims over which it has original jurisdiction. Finally, there has been no showing of other exceptional circumstances or other compelling reasons for declining jurisdiction. Plaintiff does cite a case for the proposition that Louisiana has a significant interest in resolving certain issues of state law; however, in that case all federal claims had been dismissed, and only state law claims remained. *Thompson v. New Orleans Ctr. for Creative Arts*, No. CV 17-17551, 2018 WL 2296993, at *2 (E.D. La. May 21, 2018). That is the opposite of the facts in this case. Regardless, even two factors "are not dispositive" and can be "counterbalanced by other concerns." *Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008).

In addition to the statutory factors, Fifth Circuit courts also consider "factors of judicial economy, convenience, fairness, and comity." *Id*. In this case, litigating issues relating to the exact same set of underlying facts in two different forums would greatly undermine these judicial efficiency factors.

### III. CONCLUSION

For the reasons set forth above,

**IT IS RECDOMMENDED** that Plaintiff's Motion to Remand (doc. 7) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that because Plaintiff originally filed this matter in state court, he is not required to comply with the form requirements of this Court and, accordingly, this Court's April 5, 2024 Order (doc. 6) be **VACATED** and Plaintiff's Motion to Stay Order to Submit Complaint on Approved Forms Pending Ruling on Motion to Remand (doc. 11) be **DENIED** as **MOOT**.

**IT IS FURTHER RECOMMENDED** that defendants be required to respond to Plaintiff's Motion for Preliminary Injunction (doc. 1) within twenty-one (21) days of the date of the Order adopting this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

  **THUS DONE AND SIGNED** in chambers this 18th day of November, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE